UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ELI'S CHEESECAKE COMPANY      :
                                  :    **07 CV 3317 (Stein, J.)**
                Plaintiff,        :
                                  :
    - against -                   :    **ANSWER TO COMPLAINT**
                                  :
M/V "KUALA LUMPUR EXPRESS", *in rem* :
HAPAG-LLOYD CONTAINER LINE GmbH,  :
HAMBURG, and FANAKOS MARITIME CORP., :
*in personam*                     :
                                  :
                Defendants.       :
------------------------------------------------------------------X

      Defendant, HAPAG-LLOYD CONTAINER LINIE GmbH ("HAPAG-LLOYD") by its attorneys, Hill, Betts & Nash LLP, as and for its Answer to the Complaint, alleges upon information and belief as follows:

      1.    It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph FIRST of the Complaint.

      2.    It admits that a Schedule A is annexed to the Complaint and it denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph SECOND of the Complaint.

      3.    It admits that it is a corporation organized and existing under the laws of the Republic of Germany with its principal office at 25 Ballindamm, Hamburg, Germany, and that it has an agent, Hapag-Lloyd (America) Inc. whose address is at 399 Hoes Lane, Piscataway, New Jersey 08854 and that it is and was engaged in business as a carrier of merchandise by water for hire, and was a charterer of the M/V "KUALA LUMPUR EXPRESS". It denies that said vessel

is now within the jurisdiction of this Court and denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph THIRD of the Complaint.

4.   It admits that on or about February 4, 2005, a containerized shipment of cheesecake loaded on nine (9) pallets were loaded on board the M/V "KUALA LUMPUR EXPRESS" for transportation from the port of Halifax, Nova Scotia, to the port of Oslo, Norway, in accordance with Sea Waybill no. HLCUCHI 050208093 dated February 4, 2005, which contract speaks for itself and which defendant begs leave to refer to on the trial of this action. It denies each and every other allegation set forth in paragraph FOURTH of the Complaint.

5.   It admits that said shipment was delivered at the port of Oslo, Norway but denies each and every other allegation set forth in paragraph FIFTH of the Complaint.

6.   It denies the allegations set forth in paragraph SIXTH of the Complaint.

7.   It denies the allegations set forth in paragraph SEVENTH of the Complaint.

8.   It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph EIGHTH of the Complaint.

9.   It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph NINTH of the Complaint.

10.   It admits non-payment and denies each and every other allegation set forth in paragraph TENTH of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11.     That defendant claims the benefit of each and every immunity, limitation or defense set forth in the applicable sea waybill/bill of lading contracts covering the shipment which is the subject of this action and the United States Carriage of Goods by Sea Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12.     That if the plaintiff suffered any damage, which is denied, any such damage was caused or brought about by parties or persons over whom this defendant has and had no control and the Complaint should be dismissed as to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13.     That the Complaint fails to state a cause of action against this defendant upon which relief can be granted and the Complaint should be dismissed as to it.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14.     That if the shipment which is the subject of this matter suffered any damage, any such damage was caused or brought about by the failure or negligence of plaintiff as shipper or persons acting for said plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15.     That any liability or responsibility of defendant is limited to $500 per package or per customary freight unit pursuant to the provisions of the applicable sea waybill/bill of lading and the United States Carriage of Goods by Sea Act..

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. That the applicable sea waybill/bill of lading provides for exclusive jurisdiction in Hamburg, Germany, and the Complaint should be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. That Plaintiff is not the real party in interest and the Complaint should be dismissed.

WHEREFORE, defendant, Hapag Lloyd Container Linie GmbH demands that the Complaint be dismissed as to it and that judgment be entered in its favor and against the plaintiff, together with costs, disbursements and counsel fees incurred; and that this Court grant such other and further relief to it as to the Court deems just and proper.

Dated: New York, New York
       June 5, 2007

                                    HILL, BETTS & NASH LLP

                              By:   _____
                                    Michael J. Ryan (MR-2793)
                                    Attorneys for Defendant Hapag
                                    Lloyd Container Linie GmbH
                                    One World Financial Center
                                    200 Liberty Street, 26th Floor
                                    New York, New York 10281
                                    (212) 839-7000

TO:   Thomas E. Willoughby, Esq.
      HILL RIVKINS & HAYDEN
      Attorneys for Plaintiff
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

JOAN KARLSON, being duly sworn deposes and says, I am not a party to the action and over 18 years of age.

That on the 5th day of June 2007, she served the attached Rule 7.1 Statement and Answer to Complaint upon:

Thomas E. Willoughby, Esq.
HILL RIVKINS & HAYDEN
Attorney for Plaintiff
45 Broadway
New York, New York 10006
(212) 669-0600

by depositing a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the foregoing attorney.

_____
JOAN KARLSON

Sworn to before me this
5th day of June 2007

_____
Notary Public

JANET M. WALTERS
NOTARY PUBLIC, State of New York
No. 01WA6060684
Qualified in Kings County
Commission Expires 7-2-07

{NY060282.1 }Document: J:\Wdox\Docs\CLIENTS\04341\0276\NY060282.DOC